


Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
December 16, 2013

___

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. BK-S-11-11344 MKN |
| | Chapter 7 |
| KARLA RODRIGUEZ, | |
| | ORDER ON: |
| Debtor. | *TRUSTEE'S MOTION TO SELL FREE AND CLEAR OF LIENS AND ENCUMBRANCES OR, IN THE ALTERNATIVE, MOTION TO SELL SUBJECT TO ANY AND ALL LIENS AND ENCUMBRANCES – REAL PROPERTY [5695 W KATIE AVENUE, LAS VEGAS, NV 89103]* |
| | Date of Hearing:  December 5, 2013 |
| | Time of Hearing:  11:00 a.m. |

On the date and at the time set forth above, a hearing was held in the above-captioned bankruptcy case of Karla Rodriguez ("Debtor") upon *Trustee's Motion To Sell Free And Clear Of Liens And Encumbrances Or, In The Alternative, Motion To Sell Subject To Any And All Liens And Encumbrances – Real Property [5695 W Katie Avenue, Las Vegas, NV 89103]* ("Motion"), filed by David A. Rosenberg, chapter 7 trustee ("Trustee").  Having given due consideration to the Motion, the declarations, the opposition, and other evidence submitted, and for other good cause shown, the court ("Court") approves this order ("Order") and hereby:

**DENIES** the Sale[1] of the Property free and clear of liens and encumbrances pursuant to § 363(f); and

**APPROVES** the Sale of the Property pursuant to § 363(b), with the § 363(b) Buyer taking title to the Property subject to all liens and encumbrances.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

---
[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1. There is a sound business purpose for the Sale transaction contemplated in the Motion and for the Court now granting the Trustee's alternative relief under 11 U.S.C. § 363(b);
2. Thus, pursuant to § 363(b), the Trustee is authorized to sell the Property located at:
   **5695 W KATIE AVENUE, LAS VEGAS, NV 89103**
   **PARCEL ID NUMBER (APN): 163-13-320-002**
3. The § 363(b) Buyer is purchasing the property **SUBJECT TO ALL EXISTING LIENS, INTERESTS, ENCUMBRANCES, AND CLAIMS, WITHOUT WARRANTY, IN "AS IS" CONDITION**;
4. The Court approves the use of an Auction, with an opening bid of $5,000 and overbids going up from there to the Final Price (or, if there are no bids at $5,000, with bidding going down in a reverse auction from that initial bid). Upon payment of the Final Price, the Trustee will provide the § 363(b) Buyer with a Declaration of Value and a Trustee's Quitclaim Deed (together, the "Documents"); these Documents, along with this Order, must be recorded with Clark County Recorder's Office no later than 14 days after delivery to the § 363(b) Buyer. By accepting the Documents, the § 363(b) Buyer agrees that it is solely responsible for ensuring this timely recordation and for presenting evidence of this timely recordation to the Trustee within 20 days of the delivery. Failure to timely record shall automatically void the § 363(b) sale and the Documents delivered, meaning any later attempt to record them after the 14 days has expired shall provide the § 363(b) Buyer with no legal basis to successfully transfer the estate's interest in the Property. Failure to timely record shall also automatically result in a complete forfeiture to the estate of all monies paid by the § 363(b) Buyer. Additionally, failure to timely record shall immediately permit the Trustee to resell the estate's interest in the Property to someone other than the § 363(b) Buyer and provide said purchaser with new Documents to record with this Order. **Should the Clark County Recorder and/or Assessor be faced with two or more parties who have recorded or are attempting to record conflicting Documents, the Documents which bear the most recent date are the ones authorized under this Order; all earlier Documents shall be deemed void.**;
5. The Court approves the Trustee's use of the Substitution of Buyer Clause, if necessary;
6. The Court approves payment to the Realtor for costs expended and services rendered in the failed § 363(f) sale, as well as to cover reimbursing future fees and costs needed to assist the Trustee in closing the § 363(b) Sale, in an amount not to exceed $1,000;

7. The Court authorizes the Trustee to execute all documents and perform any acts necessary to sell, transfer, assign, and convey the Property and consummate the Sale, including but not limited to the Trustee entering a binding agreement ("Agreement") with the § 363(b) Buyer;

8. The Court finds that the § 363(b) Buyer is purchasing the Property for a fair and reasonable price, through an arms-length transaction, in good faith pursuant to § 363(m);

9. The Court waives the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure and provides that the Order is effective immediately upon entry;

10. The Court finds that adequate notice of the Sale has been given. The Court believes that such notice was sufficient to allow any interested parties the opportunity to weigh in on the Motion and participate in the Sale Hearing;

11. The Court retains jurisdiction to: (i) interpret, implement, and enforce the Motion, the Order, and the Agreement; (ii) compel delivery and payment of the consideration provided for under the Agreement; and (iii) resolve any disputes, controversies, or claims arising out of or relating to the Motion, the Order, or the Agreement

**AS TO ALL SECURED CREDITORS, IT IS FURTHER ORDERED:**

12. Secured creditors shall retain their liens for the full amount due under those subject loans;

13. This Sale does not affect the secured creditors' abilities to exercise their remedies against the Property, including enforcing their security interests under a Note and Deed of Trust by foreclosing on the Property;

14. Once title is successfully transferred and recorded, any stay in regard to the Property that may have been (or still may be) in effect shall be terminated, as the Property will no longer be part of the Debtor's estate and the Debtor shall no longer have any interest in it;

15. Because the secured creditors filed an opposition to the Court allowing a sale "free and clear" under § 363(f), this Court cannot, at this time and under the present circumstances, grant that relief to the Trustee. Nevertheless, in the event that these same opposing secured creditors were to change their minds and consent to a § 363(f) sale—sometime after the issuance of this Order granting the alternative relief under § 363(b) but before the "subject to" Sale to the § 363(b) Buyer is completed—the Court will allow this Order to also serve as a retroactive grant of authority for the Trustee to sell the Property "free and clear" under § 363(f), provided, of course, that any "free and clear" Sale retroactively

approved by this Order must be made in accordance with all terms and conditions demanded by the previously opposing secured creditors. Assuming these requirements for retroactivity are met, the need for the Trustee to file a new motion to approve a Sale under § 363(f) will be waived. The Trustee may simply submit a second, amended order granting the Sale "free and clear", and the Court shall promptly enter that second order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

16. That the automatic stay is terminated for all purposes as to the Subject Property and that this termination of the automatic stay shall be binding in any subsequent bankruptcy filing purporting to affect the Subject Property that is filed within 6 months of the trustee's sale of the Subject Property.

**IT IS SO ORDERED.**

Respectfully Submitted By:

/s/ *David A. Rosenberg*
David A. Rosenberg, Trustee
**U.S. BANKRUPTCY TRUSTEE**

<u>**ALTERNATIVE METHOD RE: RULE 9021**</u>

___    The Court has waived the requirement of approval under LR 9021(b)(1).

___    No Parties appeared or filed written objections.

_X_    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved this order, or failed to respond, as indicated below:

___    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant LR 9014(g), and that no party has objected to the form or content of the order.

**APPROVE / DISAPPROVE / FAILED TO RESPOND**

Dated this _____ of _____, 2013

_____
**GREGORY L. WILDE, ESQ.**
Nevada Bar No.: 4417
**MATTHEW K. SCHRIEVER**
Nevada Bar No.: 10745
**TIFFANY & BOSCO, P.A.**
Counsel for *Bank of America, N.A.*

- 4 -